IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCEEDING BEFORE THE COURT : <br> OF COMMON PLEAS OF PHILADELPHIA  : <br> TO DETERMINE THE PROPRIETY OF THE : <br> DEFENDER ASSOCIATION OF                         : <br> PHILADELPHIA'S REPRESENTATION OF    : <br> WILLIAM JOHNSON                                       : <br> _____: <br> COMMONWEALTH OF PENNSYLVANIA,   : <br>          Plaintiff,                                              : <br>                                         : <br>          v.                                                               : <br>                                         : <br> WILLIAM JOHNSON,                                      : <br>                         Defendant.              : | CIVIL ACTION <br><br><br><br><br><br><br><br><br><br><br> No. 13-2242 |

## RESPONSE TO ORDER TO SHOW CAUSE

By order dated May 10, 2013, this Court directed the Commonwealth to show cause as to its "standing to challenge the application of federal funds under 18 U.S.C. § 3599…." Dkt. No. 9, ¶ 1. The Commonwealth respectfully submits the following three responses to that order.

*First*, this Court need not and should not address whether the Commonwealth would have standing to raise such a challenge because: (A) this matter must be remanded to state court, which will make any broader issue as to standing in this Court moot; and, in any event, (B) it was the Pennsylvania Supreme Court, not the Philadelphia District Attorney's Office in its capacity on behalf of the Commonwealth, that initiated the action that has been removed to this Court. *Second*, had the Commonwealth raised such a challenge in the context of a disqualification motion in this case, it would have had standing because: (A) standing existed in state court, and this Court's subject-matter jurisdiction (which subsumes the question of standing) is derivative of that which existed in state court; and, in any event, (B) even under federal standing requirements, a party may file a motion to disqualify opposing counsel based on

an alleged ethical violation. *Third*, if this Court were to find that the Commonwealth must but cannot establish standing, the only permissible course would be to remand this matter to state court.

> I. **This Court need not and should not resolve the issue raised in its order to show cause.**
>
>> A. *This matter must be remanded to state court, which will render the issue raised in the order moot.*

There can be no question that, at a minimum, the Commonwealth has standing to seek the remand of this matter to state court, because the FCDO's removal has deprived the Commonwealth of the ability to litigate the attorney-disqualification issue in the forum of its choice (the state courts of Pennsylvania), and thereby has caused a redressable injury to the Commonwealth. *See International Primate Protection League v. Administrators of Tulane Ed. Fund,* 500 U.S. 72, 77-78 (1991) (explaining that, regardless of whether plaintiff in removed action has standing as to underlying claim, it has standing to challenge removal).[1] Prior to submitting this response to the Court's order to show cause, the Commonwealth exercised its right to file a remand motion. Dkt. No. 10. Because that motion establishes grounds requiring remand, any question in this Court as to the Commonwealth's broader standing to challenge the FCDO's suspected misuse of federal funds under Section 3599 will be rendered moot.

>> B. *The Commonwealth's standing is immaterial because the removed action was initiated sua sponte by the Pennsylvania Supreme Court.*

In any event, the removed action concerning the FCDO's alleged misuse of federal funds was not initiated by the Commonwealth, and any question as to the Commonwealth's standing is therefore merely hypothetical in the context of this litigation. Although the FCDO has

---

[1] That, as discussed below in Subsection I(B), the Commonwealth did not initiate the removed attorney-disqualification motion, does not alter the fact that the Commonwealth's preferred forum is the state courts of Pennsylvania.

complained that the Commonwealth's state court filings "made various derogatory comments about 'the defendant's federally-funded lawyers' and their role in Mr. Johnson's case," Dkt. No. 1-1, p. 2 , ¶ 2, the Commonwealth did not file a motion seeking the FCDO's disqualification on that or any other basis in Johnson's case. Rather, the Pennsylvania Supreme Court *sua sponte* raised the issue of whether the FCDO should be disqualified in Johnson's state-court proceedings based on its possible misuse of federal funds, in violation of Section 3599. *Commonwealth v. Johnson*, No. 532 CAP, 2011 WL 10548529, at *1 (Pa. Mar. 25, 2013) (*per curiam*). *See also Seifert v. Dumatic Industries Inc.*, 197 A.2d 454, 456 n.5 (Pa. 1964) (even if a party lacks standing to seek opposing counsel's disqualification, the state supreme court may consider potential disqualification *sua sponte*). Since the removed matter was initiated by *sua sponte* order of the Pennsylvania Supreme Court, the Commonwealth's standing to initiate such an action is immaterial in this case.[2]

---

[2] It is possible that the FCDO's notice of removal has caused confusion as to the origins of this removed action. The FCDO requests in its notice "that the proceeding concerning the Commonwealth's Motion to Appoint Counsel and the New Matter contained in the Commonwealth's Comprehensive PCRA Answer, which is now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, in the underlying case of *Commonwealth v. Harris* …, be removed to this Court." Dkt. No. 1-1, p. 17. However, the FCDO was mistakenly referencing an unrelated case involving the Pennsylvania Attorney General's Office that was separately removed, *In re Commonwealth v. Harris*, 2:13-mc-00062-CMR, not this case. The District Attorney's Office did not file a motion concerning the appointment or disqualification of counsel, nor did it request the appointment or disqualification of counsel in its PCRA answer, in this case.

**II.     In any event, the Commonwealth would have had standing to initiate an action for the FCDO's disqualification based on the FCDO's alleged misuse of federal funds.**

*A. Because the Commonwealth would have had standing to seek the FCDO's disqualification in state court, it would have standing in this Court following removal.*

In the case of *Commonwealth v. Isaac Mitchell*, where the Commonwealth *did* file a motion for the FCDO's disqualification, the Pennsylvania Supreme Court permitted the Commonwealth to challenge the FCDO's alleged misuse of federal funds in violation of Section 3599, and ordered an evidentiary issue on the issue. Dkt. No. 10-1, Ex. 4, pp. 1-2. Thus, there is no question that the Pennsylvania Supreme Court would allow the Commonwealth to bring such a challenge in state court, where the standing requirements of Article III do not apply. *See ASARCO v. Kadish*, 490 U.S. 605, 617 (1989) (even when deciding questions of federal law, "the state courts are not bound to adhere to federal standing requirements…."); *New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 7 n. 2 (1988) (even when deciding questions of federal law, "[t]he States are [ ] left free as a matter of their own procedural law to determine whether their courts may issue advisory opinions or to determine matters that would not satisfy the more stringent requirement in the federal courts that an actual 'case' or 'controversy' be presented for resolution"); *see also Smith v. Wisconsin Dep't of Agric., Trade and Consumer Prot.*, 23 F.3d 1134, 1442 (7th Cir. 1994) (reaching same conclusion in removal context).

Following removal, the Commonwealth has the same standing in this Court that it had in state court. In a case removed from state court to this Court pursuant to 28 U.S.C. § 1442(a)(1), it is the putative federal officer's defense, not the civil action itself, that "arises under" federal law. *Mesa v. California,* 489 U.S. 121, 136 (1989). *Compare* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Removal jurisdiction is "a purely derivative form of jurisdiction, neither

4

enlarging nor contracting the rights of the parties…." *Arizona v. Manypenny,* 451 U.S. 232, 242 (1981).[3] Since the Commonwealth would have had standing to petition the state courts to disqualify the FCDO for misusing federal funds in state court in violation of federal statutes—a form of action that, as explained in the Commonwealth's response to the FCDO's motion to dismiss, Dkt. No. 11, pp. 5-13, is a state cause of action that incorporates federal law—it would be improper to contract the Commonwealth's rights by applying more stringent federal standing requirements to such a claim following removal. *See International Primate*, 500 U.S. at 78 n.4 (reserving "the question whether a federal court in a § 1442(a)(1) removal case may require plaintiffs to meet Article III's standing requirements with respect to the state-law claims over which the federal court exercises pendent jurisdiction"); *see also Horizon Bank and Trust Co. v. Flaherty*, 309 F.Supp.2d 178, 190 (D.Mass. 2004) ("The rationale behind applying the state law of standing to state-law claims asserted in a case removed to federal court [as suggested by the *International Primate* footnote] was that a defendant should not be able to use removal to prevent adjudication of claims that a state intended to have adjudicated"). Had the Commonwealth filed a motion challenging the FCDO's appearance in state court in this case, the state court would have had subject-matter jurisdiction under state law, and this Court therefore would have subject-matter jurisdiction (an issue that, as discussed below, *infra* at 9-10, subsumes the question of standing) derivatively.

---

[3] Pursuant to 28 U.S.C. § 1441(f), the rule that the rights of the parties cannot be *enlarged* by removal is no longer valid in diversity removal cases, but Congress chose not to similarly amend Section 1442, and, in any event, the rule that the rights of the parties cannot be *contracted* by removal has not been abolished in either diversity or federal-officer removal cases.

> B. *Even under Article III's standing requirements, a party may file a motion to disqualify opposing counsel based on an alleged ethical violation.*

Because this Court's subject-matter jurisdiction is derivative of the state court's subject-matter jurisdiction, and the Commonwealth plainly would have had standing in state court, there would be no need to analyze the issue separately under Article III even if the issue were not moot and the removed action had not been initiated by *sua sponte* court order. But even under Article III's standing requirements, the Commonwealth would have been entitled to file a motion for the FCDO's disqualification based on the alleged misuse of federal funds.[4]

"One who seeks to initiate or continue proceedings in federal court must demonstrate, among other requirements, both standing to obtain the relief requested, and, in addition, an 'ongoing interest in the dispute' on the part of the opposing party that is sufficient to establish 'concrete adverseness.'" *Bond v. United States*, ___ U.S. ___, 131 S.Ct. 2355, 2361 (2011) (citations omitted). That is, the party invoking federal jurisdiction must allege and ultimately prove that the matter concerns a concrete injury to the plaintiff that was caused by the defendant and is redressable by the court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).[5]

---

[4] The Commonwealth focuses on Article III's standing requirements because applying merely prudential limitations on the Commonwealth's standing "would serve no functional purpose" here, *City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 243 (1983) (citation and internal quotation marks omitted), and would amount to an even more clearly improper use of federal-officer removal—which again, is only intended to provide a different forum for the state-court litigation, not different rights than would have existed in state court, *Manypenny,* 451 U.S. at 242—to contract the right to review the Commonwealth would have had in state court.

[5] At the time of this filing, it is the FCDO, not the Commonwealth, that is attempting to invoke federal jurisdiction. *Cf. DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("Because defendants removed the case from state court to District Court, plaintiffs were not initially the parties that invoked federal jurisdiction. … Nonetheless, … the party asserting federal jurisdiction when it is challenged has the burden of establishing it. Whatever the parties' previous positions on the propriety of a federal forum, plaintiffs, as the parties seeking to establish federal jurisdiction [in the Supreme Court], must make the showings required for standing"); *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006) (noting "the well-established (Continued….

Here, any injury that the Commonwealth suffers as a result of being forced to litigate against an opponent who misuses federal funds for purely state-court activities admittedly might appear an abstract basis for standing if considered in a vacuum. However, the Supreme Court has "often said that history and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider." *Sprint Communications Co., L.P. v. APPC Servs., Inc.*, 544 U.S. 269, 274 (2008).

Federal courts, like state courts, have an inherent power to supervise the power of attorneys appearing before them, and have decided on many occasions that they are empowered to decide parties' motions to disqualify opposing counsel on the basis of alleged ethical violations in the course of pending litigation. *See In re Congoleum Corp.*, 426 F.3d 675, 686-87 (3d Cir. 2005) ("[T]he obligation to ensure that professional ethics are followed has led courts to rule that counsel has standing to raise and challenge unethical procedures on the part of opposing lawyers"; "[c]oncluding otherwise would suggest that we do not support the long-standing role of lawyers practicing before federal courts in monitoring and reporting ethical violations"); *United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir. 1980) ("The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it"). *See, e.g., United States v. Clarkson*, 567 F.2d 270, 271 n. 1 (4th Cir. 1977) ("The propriety of the Government's action in filing the motion to disqualify [defense

---

proposition that the party seeking removal carries the jurisdiction-proving burden"); *Bergquist v. Deutsche Bank Nat. Trust Co.*, No. 3:11–CV–01303–AC, 2012 WL 3288827, at *2 (D.Or. Aug. 10, 2012) (placing burden to establish plaintiff's standing on removing defendant); *As You Sow v. Sherwin-Williams Co.,* No. C-93-3577-VRW, 1993 WL 560086, at *1 (N.D.Cal. Dec. 21, 1993) (likewise). The Commonwealth would have no interest in continuing litigation in a federal forum unless its motion to remand were denied. For that reason (as well as the potential, explained above in Section I(A) of this response, of the remand motion to render the standing question moot), the Commonwealth's motion to remand should be addressed before the question of standing is even considered.

counsel] cannot be questioned. In fact, it has been held that any member of the bar aware of the facts justifying a disqualification of counsel is obligated to call it to the attention of the court") (citations omitted); *Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp.,* 563 F.2d 671, 673 (5th Cir. 1977) ("Appellant has standing to seek disqualification even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations in the case"); *Gordon v. Dadante*, No. 1:05–CV–2726, 2009 WL 2732827, at *6 (N.D.Ohio Aug. 26, 2009) ("[I]t is clear that a district court properly exercises its inherent power when it uses that power to disqualify an attorney who has made material misrepresentations to the Court"); *Delso v. Trustees for the Retirement Plan for the Hourly Employees of Merck & Co., Inc.*, Civil Action No. 04-3009 (AET), 2007 WL 766349, at *14-18 (D.N.J. Mar 06, 2007) (disqualifying attorney for engaging in ghostwriting, in violation of his ethical duty to disclose representation), *reconsideration denied*, 2007 WL 1791260 (D.N.J. Jun. 19, 2007); *Skidmore v. Warburg Dillon Read LLC*, No. 99 Civ. 10525(NRB), 2001 WL 504876, at *3 (S.D.N.Y. May 11, 2001) ("Because our ultimate concern is with the integrity of the trial process, and our authority to disqualify an attorney stems from our supervisory power to maintain that integrity, we believe that a good-faith belief that an ethical violation exists should be brought to us by any party with the opportunity to observe such a possible lapse").

Instantly, the use of federal funds, in violation of federal statutory law, to finance purely state-court activities would constitute a serious breach of professional ethics. *See* 204 Pa.Code § 8.4(c)-(d) ("It is professional misconduct for a lawyer to… engage in conduct involving dishonesty, fraud, deceit or misrepresentation; [or] … engage in conduct that is prejudicial to the administration of justice"). Moreover, such misconduct would be compounded by the FCDO's claim to the Pennsylvania Supreme Court in the related case of *Commonwealth v. Mitchell* that

its purely state-court activities have been privately financed. *In re Commonwealth v. Isaac Mitchell Proceeding*, No. 2:13-cv-01871, Dkt. No. 14-1, Ex. 5, pp. 12-13, ¶¶ 27-30. *See* 204 Pa. Code § 3.3(a)(1) ("A lawyer shall not knowingly: [ ] make a false statement of material fact or law to a tribunal *or fail to correct a false statement of material fact or law previously made to the tribunal* by the lawyer") (emphasis added). Thus, the Commonwealth would have standing to present a good-faith allegation that serious misconduct is being committed in the course of the ongoing litigation. *See* 204 Pa.Code § 8.3(A) ("A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority"); *Clarkson*, 567 F.2d at 271 n. 1 ("[I]t has been held that any member of the bar aware of the facts justifying a disqualification of counsel is obligated to call it to the attention of the court"). Again though, the point is academic for several reasons: this matter must be remanded; the Commonwealth filed no disqualification motion in this case; and this Court's subject-matter jurisdiction is derivative of the state court's jurisdiction.

### III.     Were this Court to find, contrary to the foregoing, that the Commonwealth must but cannot establish standing, remand would be necessary.

Finally, in the interest of completeness, the Commonwealth notes that a conclusion that it must but cannot establish standing would bring matters full circle. If the Commonwealth is required to have standing despite the above circumstances and yet does not have standing, this Court does not have subject-matter jurisdiction over the instant litigation. *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537 (3d Cir. 1994), *citing Page v. Schweiker,* 786 F.2d 150, 153, (3d Cir. 1986). And if this Court does not have subject-matter jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"); *Wheeler*, 22 F.3d at

9

540 ("Our conclusion [that plaintiff lacks standing] does not require us to dismiss the case, for a determination that there is no standing 'does not extinguish a removed state court case.' Rather, federal law 'only requires ... [us] to remand [plaintiff's case] to state court'"), *quoting Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.,* 999 F.2d 745, 751 (3d Cir. 1993) (first alteration added and final alteration changed; all other alterations supplied by the Court). The language of Section 1447(c) requiring remand to state court in the event this Court lacks subject-matter jurisdiction admits of no exception, even when remand allegedly would be "futile." *Bromwell v. Michigan Mut. Ins. Co.,* 115 F.3d 208, 213-14 (3d Cir. 1997).

  In sum, this Court need not and should not consider whether the Commonwealth has standing to challenge the FCDO's alleged misuse of federal funds, but the Commonwealth nevertheless would have standing to bring such a challenge, and any contrary conclusion would require remand to state court.

Respectfully submitted,

/s/ *Peter Carr*
Peter Carr
Assistant District Attorney
Hugh J. Burns, Jr.
Chief, Appeals Unit
PHILADELPHIA DISTRICT ATTORNEY'S OFFICE
Three South Penn Square
Philadelphia, PA 19107
peter.carr@phila.gov
hugh.burns@phila.gov
(215) 686-5766
*Attorneys for the Commonwealth*

Date: May 31, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PROCEEDING BEFORE THE COURT :<br>OF COMMON PLEAS OF PHILADELPHIA      :<br>TO DETERMINE THE PROPRIETY OF THE  :<br>DEFENDER ASSOCIATION OF                         :<br>PHILADELPHIA'S REPRESENTATION OF      :<br>WILLIAM JOHNSON                                        :<br>_____ :<br>COMMONWEALTH OF PENNSYLVANIA, :<br>              Plaintiff,                                              :<br>                                                                           :<br>     v.                                                                  :<br>                                                                           :<br>WILLIAM JOHNSON,                                     :<br>              Defendant.                                           : | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br>No. 13-2242 |

## CERTIFICATE OF SERVICE

The Commonwealth's response to the Court's order to show cause is available for viewing and downloading by all counsel of record from the Electronic Case Filing System. In addition, I have caused a copy of the same document to be served by first-class mail on the following person:

David Richman, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799

*Attorney for the Defender Association of Philadelphia*

/s/ *Peter Carr*
Peter Carr
Assistant District Attorney
PHILADELPHIA DISTRICT ATTORNEY'S OFFICE
Three South Penn Square
Philadelphia, PA 19107
peter.carr@phila.gov
(215) 686-5766
*Attorney for the Commonwealth*

Date:   May 31, 2013