IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | |
| : | CIVIL ACTION |
| PROCEEDING BEFORE THE COURT : | |
| OF COMMON PLEAS OF : | |
| PHILADELPHIA TO DETERMINE : | |
| THE PROPRIETY OF THE DEFENDER : | |
| ASSOCIATION OF PHILADELPHIA'S : | |
| REPRESENTATION OF WILLIAM : | |
| JOHNSON IN COMMONWEALTH OF : | No. 13-2242 |
| PENNSYLVANIA V. JOHNSON : | |

**MEMORANDUM**

**Schiller, J.**                                                                                       September 6, 2013

William Johnson was convicted of first-degree murder in Pennsylvania state court and sentenced to death. The Federal Community Defender Organization for the Eastern District of Pennsylvania (FCDO)[1] represents Johnson in his petition under the Pennsylvania Post-Conviction Relief Act (PCRA). During the PCRA proceedings, the Pennsylvania Supreme Court ordered the PCRA court to hold a hearing regarding whether the FCDO's representation of Johnson in the PCRA proceedings was proper given the FCDO's federal funding and the lack of a federal appointment order. The FCDO removed that proceeding to this Court. Before the Court are the Commonwealth's motion to remand and the FCDO's motion to dismiss. For the reasons that follow, the motion to remand is denied, and the motion to dismiss is granted.

I. **FACTUAL AND PROCEDURAL HISTORY**

Johnson initially sought post-conviction relief from his death sentence by filing a *pro se* petition under the PCRA, after which time the PCRA court appointed a succession of four different attorneys to represent him in the proceedings. In 2006, an attorney from the FCDO

---

[1] The FCDO is the Federal Court Division of the Defender Association of Philadelphia.

undertook the PCRA representation of Johnson and ultimately filed an appeal before the Pennsylvania Supreme Court. While the appeal was pending, the Commonwealth on at least two occasions raised with the Pennsylvania Supreme Court the propriety of the FCDO's representation of Johnson in the PCRA litigation.

In 2011, after briefing on the merits of Johnson's appeal was completed, the Pennsylvania Supreme Court issued an order directing the FCDO to produce a copy of its federal appointment order. The FCDO replied that it did not have such an appointment order. Subsequently, in its order remanding Johnson's case to the PCRA court, the supreme court included a direction that the PCRA court "determine whether current counsel from the Federal Community Defender's Office should continue to represent appellant in this state capital PCRA proceeding, or whether other appropriate post-conviction counsel should be appointed, as there is no federal order authorizing current counsel's involvement in these state court collateral proceedings . . . ." (Notice of Removal, Ex. A. [Supreme Court Order].)

The FCDO removed the proceeding to this Court under the federal officer removal statute, 42 U.S.C. § 1442. It then moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Commonwealth lacked a private right of action to enforce the federal law that regulates FCDO funding, and that state regulation in this area is preempted by federal law. The Commonwealth moved to remand the proceeding to state court, arguing that removal under § 1442 was improper, and opposed the motion to dismiss.

## II.    DISCUSSION

In deciding the Commonwealth's motion to remand and the FCDO's motion to dismiss, this Court is not writing on a blank slate. This case is one of at least seven similar state court proceedings that have been removed to federal court. (Br. in Opp'n to the Commonwealth's Mot.

to Remand at 5 n.3.) These cases have resulted in a number of opinions which address the issues before this Court. *See In re Commonwealth v. Harris*, Misc. A. No. 13-63, 2013 WL 4501056 (E.D. Pa. Aug. 22, 2013); *In re Commonwealth v. Dowling*, Civ. A. No. 13-510, 2013 WL 4458848 (M.D. Pa. Aug. 16, 2013); *In re Commonwealth v. Dick*, Civ. A. No. 13-561, 2013 WL 4458885 (M.D. Pa. Aug. 16, 2013); *In re Commonwealth v. Mitchell*, Civ. A. No. 13-1871, 2013 WL 4193960 (E.D. Pa. Aug. 15, 2013). This Court finds highly persuasive the opinions of Judges McLaughlin and Rufe on these matters. *See Harris*, 2013 WL 4501056; *Mitchell*, 2013 WL 4193960.[2] As such, this Court adopts the relevant analysis and conclusions of *Harris* and *Mitchell*. Specifically, the FDCO has met all requirements of the federal officer removal statute and thus jurisdiction in this Court is proper. Furthermore, the Commonwealth fails to state a claim because it lacks standing to bring a private right of action to enforce the federal statute that regulates the FCDO's funding, and alternatively because state regulation in this area is preempted by federal law.

The Commonwealth argues that this Court's analysis should be altered because the Pennsylvania Supreme Court *sua sponte* ordered an inquiry into the FCDO's representation of Johnson in this case, rather than in response to a motion by the Commonwealth, as in *Mitchell* and *Harris*. The Court does not believe that this fact changes the analysis of whether the

---

[2] These opinions diverge from the opinions in *Dick* and *Dowling* on one key issue: whether the FCDO must show that it was "acting under" a federal officer *in the PCRA proceedings* or simply "acting under" a federal office *in general* to satisfy the requirements of the federal officer removal statute. *See Harris*, 2013 WL 4501056 at *4; *Dowling*, 2013 WL 4458848 at *7; *Dick*, 2013 WL 4458885 at *7; *Mitchell*, 2013 WL 4193960 at *8-9. This Court is persuaded that the more general inquiry conducted in *Mitchell* and *Harris* is proper. To ask the more specific inquiry would render the "arising under" inquiry essentially repetitive of the statute's additional requirement, that there is a causal connection between the proceeding and acts taken under color of federal law. *See Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012) ("[T]he . . . element which requires the gravamen of the claim against [the removing party] occur while it acted under color of federal authority . . . is distinct from the 'acting under' requirement . . . .").

Commonwealth lacked a private right of action to enforce federal law or whether state regulation in this area is preempted by federal law. *See Harris*, 2013 WL 4501056 at *7 ("Restrictions on private rights of action apply whenever a party is 'in substance' attempting to enforce a provision of federal law") (citation omitted); *see also Nat'l Meat Ass'n v. Harris*, 132 S. Ct. 965, 973 (2012) (employing a functional preemption analysis and refusing to rely on the state's characterization of its action). Therefore, because the issues presented in *Harris* and *Mitchell* are nearly identical to the issues presented in this case, this Court adopts the analysis of those cases.

### III. CONCLUSION

The Commonwealth's motion to remand is denied, and the FCDO's motion to dismiss is granted. An Order consistent with this Memorandum will be docketed separately.